

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

August 16, 1971

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas

Opinion No. M-935

Re: Whether H.B. 625, Acts 62nd
Leg., R.S., Ch. 625, page
1186 (1971), codified as
Article 2688y, V.C.S.,
abolishes the office of
county superintendent in
Matagorda County.

Dear Dr. Edgar:

We quote from your letter requesting an opinion from this office, in part, as follows:

"House Bill 625 (Acts 62nd Legislature, R.S., 1971, p. 1186, approved May 19, 1971; Article 2688y in V.C.S.) reads as follows:

"Section 1. The office of county superintendent is abolished in all counties having a population of not less than 27,800 nor more than 28,800 according to the last preceding federal census. In each of those counties, the county judge shall be the ex officio county superintendent and may receive no additional compensation for these additional duties.

"Only Matagorda County having a 1970 decennial census population of 27,913 is covered in the 27,800-28,800 bracket requirement.

"Within the 1960 census period, in 1965 a similar statute, then applicable only to Matagorda County, was enacted. Article 2688n, V.C.S. The validity of that law was challenged. In Opinion M-745 (December, 1970), it was ruled that the elective office of county superintendent in Matagorda County continues to exist."

In addition, you have advised us that the current scholastic population of Matagorda County is in excess of 3,000.

-4559-

With regard to the foregoing, you ask whether H.B. 625, Acts 62nd Leg., R.S., Ch. 625, page 1186 (1971) codified as Article 2688y, V.C.S., abolishes the office of county superintendent in Matagorda County.

We quote from Attorney General's Opinion M-745 (1970) referred to in your letter, in part, as follows:

"You have pointed out that Article 2688n, Vernon's Civil Statutes, provides that the office of County School Superintendent is abolished in all counties having a population of not less than 25,750 nor more than 28,000 according to the last preceding Federal census, and further advised us that whereas the 1960 census reported a population of 25,744 for Matagorda County, the figures released to date place the 1970 population at 27,630. You inquire whether, in view of the provisions of Article 2688n and the 1970 population figures for Matagorda County, the office of County School Superintendent for that county is abolished; and if so, the effective date.

"In our opinion the office of County School Superintendent continues to exist in Matagorda County,. . .

"The current scholastic population of Matagorda County being over 3,000 the election of a County Superintendent to serve a four year term is made mandatory by the provisions of Article 17.41(a) of the Texas Education Code.

"In view of the office having been once created in the county and the scholastic population remaining over 3,000, it appears that the only statutory provision for abolishing the office is provided by Article 17.64 of the Texas Education Code. See Attorney General's Opinion No. M-733 (1970). Apparently the procedure provided in Article 17.64 has not been followed in Matagorda County. . . .

"In our opinion, Article 2688n as narrowly restricted in its application to certain counties, is unconstitutional for the reason that it is a

local or special law regulating the management of
public schools in contravention of Article III,
Section 56, Constitution of Texas. The Supreme
Court of Texas, in <u>Miller v. El Paso County</u>,
136 Tex. 370, 150 S.W.2d 1000 (1941), has well
stated the prevailing rule with regard to this
type of legislation:

"'Notwithstanding the above constitutional
provision, the courts recognize in the Legislature
a rather broad power to make classifications for
legislative purposes and to enact laws for the
regulation thereof, even though such legislation
may be applicable only to a particular class or,
in fact, affect only the inhabitants of a par-
ticular locality; but such legislation must be
intended to apply uniformly to all who may come
within the classification designated in the Act,
and the classification must be broad enough to
include a substantial class and must be based
on characteristics legitimately distinguishing
such class from others with respect to the
public purpose sought to be accomplished by
the proposed legislation. In other words, there
must be a substantial reason for the classifica-
tion. It must not be a mere arbitrary device
resorted to for the purpose of giving what is,
in fact, a local law the appearance of a general
law.' (at p. 1001-1002). See also the cases
there cited.

"In our opinion Article 2688n would create
a class of counties without substantial basis
and without sufficient legal distinguishing
features and is therefore proscribed as a
local or special law by Article III, Section
56, of the Texas Constitution. That being
true, the statute does not operate to abolish
in Matagorda County the office of County
School Superintendent. See Attorney General's
Opinions No. C-244 (1964), No. C-481 (1965),
and No. M-488 (1969)."

On the basis of the reasoning and holding in Attorney
General's Opinion M-745 (1970) and authorities therein cited, it
is our opinion that H.B. 625 is unconstitutional and void and
consequently the office of county school superintendent continues
to exist in Matagorda County.

## S U M M A R Y

House Bill 625, Acts 62nd Leg., R.S., 1971, Ch. 625, page 1186, codified as Article 2688y, V.C.S., is unconstitutional and void, and consequently the office of county school superintendent continues to exist in Matagorda County.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Roland Allen
Harriet Burke
William Craig
Max Hamilton

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant